insurance companies even where the insurance settlement is deferred. The opportunity for the Commissioner to make his present argument has existed for a long time. While the 1916 Act had no insurance terminology, since the 1918 Statute, Section 315(b) has had the delineation that we have stressed between transferees and beneficiaries.

■ While we believe that agencies should not be bound by the policy decisions of their predecessors any more than a legislature can bargain away its discretion for the future, there is certainly much in long administrative practice, particularly statutory interpretation, that can work against as well as for the governmental body. Naturally when the statute is clear and there has been an erroneous interpretation, there is a duty to change that interpretation. If a statute is ambiguous, a long standing, consistent interpretation and re-enactment make that construction the meaning of the statute. Here, we think that the statute is clear, that the old practice was in conformity and that the new method of collection is not authorized. Against this stands the view that the statute can be stretched to embrace this policy of convenience of collection. "We must be wary against interpolating our notions of policy in the interstices of legislative provisions."[20]

Reversed.

■

**The NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Petitioner, v. Guy T. HELVERING, Commissioner of Internal Revenue.**

No. 7905.

United States Court of Appeals for the District of Columbia.

Decided May 11, 1942.

Mr. David R. Shelton, of Washington, D. C., for petitioner.

Mr. Benjamin M. Brodsky, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Assistant Attorney General, and Mr. J. Louis Monarch, Special Assistant to the Attorney General, were on the brief, for respondent. Messrs. Sewall Key, Special Assistant to the Attorney General, J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Robert L. Williams, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., also entered appearances for respondent.

Before MILLER, VINSON, and EDGERTON, Associate Justices.

VINSON, Associate Justice.

This case was consolidated with John Hancock Mutual Life Insurance Company v. Commissioner of Internal Revenue in the Board of Tax Appeals, 42 B.T.A. 809. They were heard here together. The parties agree that the single question of law is the same in both cases. Hence the opinion of the Hancock case, —— App.D.C. ——, 128 F.2d 745, decided this day, is controlling.

Reversed.

■

**CONNECTICUT GENERAL INSURANCE COMPANY, Petitioner, v. Guy T. HELVERING, Commissioner of Internal Revenue.**

No. 7906.

United States Court of Appeals for the District of Columbia.

Decided May 11, 1942.

Mr. David R. Shelton, of Washington, D. C., for petitioner.

Mr. Benjamin M. Brodsky, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Assistant Attorney General, and Mr. J. Louis Monarch, Special Assistant to the Attorney General, were on the brief, for respondent. Messrs. Sewall Key, Special Assistant to the Attorney General, J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Robert L. Williams, Special Attorney, Bureau of In-

[20] Scripps-Howard Radio, Inc., v. F. C. C., April 6, 1942, 62 S.Ct. 875, 880, 86 L. Ed. ——.

ternal Revenue, both of Washington, D. C., also entered appearances for respondent.

Before MILLER, VINSON, and EDGERTON, Associate Justices.

VINSON, Associate Justice.

This case was consolidated with John Hancock Mutual Life Insurance Company v. Commissioner of Internal Revenue in the Board of Tax Appeals, 42 B.T.A. 809. They were heard here together. The parties agree that the single question of law is the same in both cases. Hence the opinion of the Hancock case, —— App.D.C. ——, 128 F. 2d 745, decided this day, is controlling.

Reversed.

■
**STATE MUTUAL LIFE ASSURANCE COMPANY, Petitioner, v. Guy T. HELVERING, Commissioner of Internal Revenue.**

**No. 7907.**

United States Court of Appeals for the District of Columbia.

Decided May 11, 1942.

Mr. David R. Shelton, of Washington, D. C., for petitioner.

Mr. Benjamin M. Brodsky, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Assistant Attorney General, and Mr. J. Louis Monarch, Special Assistant to the Attorney General, were on the brief, for respondent. Messrs. Sewall Key, Special Assistant to the Attorney General, J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Robert L. Williams, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., also entered appearances for respondent.

Before MILLER, VINSON, and EDGERTON, Associate Justices.

VINSON, Associate Justice.

This case was consolidated with John Hancock Mutual Life Insurance Company v. Commissioner of Internal Revenue in

the Board of Tax Appeals, 42 B.T.A. 809. They were heard here together. The parties agree that the single question of law is the same in both cases. Hence the opinion of the Hancock case, —— App.D.C. ——, 128 F.2d 745, decided this day, is controlling.

Reversed.

■
**EQUITABLE LIFE INSURANCE COMPANY OF IOWA, Petitioner, v. Guy T. HELVERING, Commissioner of Internal Revenue.**

**No. 7908.**

United States Court of Appeals for the District of Columbia.

Decided May 11, 1942.

Mr. David R. Shelton, of Washington, D. C., for petitioner.

Mr. Benjamin M. Brodsky, Special Assistant to the Attorney General, with whom Mr. Samuel O. Clark, Assistant Attorney General, and Mr. J. Louis Monarch, Special Assistant to the Attorney General, were on the brief, for respondent. Messrs. Sewall Key, Special Assistant to the Attorney General, J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Robert L. Williams, Special Attorney, Bureau of Internal Revenue, both of Washington, D. C., also entered appearances for respondent.

Before MILLER, VINSON, and EDGERTON, Associate Justices.

VINSON, Associate Justice.

This case was consolidated with John Hancock Mutual Life Insurance Company v. Commissioner of Internal Revenue in the Board of Tax Appeals, 42 B.T.A. 809. They were heard here together. The parties agree that the single question of law is the same in both cases. Hence the opinion of the Hancock case, —— App.D.C. ——, 128 F.2d 745, decided this day, is controlling.

Reversed.